**EXHIBIT 1**

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT  | **SUMMONS AND<br>RETURN OF SERVICE** | CASE NO.   09-009811-CK |
|---|---|---|

| COURT<br>ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT<br>TELEPHONE NO. (313) 224- |
|---|---|

THIS CASE ASSIGNED TO JUDGE:   Jeanne Stempien     Bar Number: 31381

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| Dedivonai, Michael | VS | Rhodes Colleges Inc |

PLAINTIFF'S ATTORNEY

Cojocar, Jeffery A.
(P-54758)
8113 Wilson St
Shelby Township, MI 48316-2629
(586) 816-0022

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | Paid |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
| 04/27/2009 | 07/27/2009 | Ericka Chenault |
| *This summons is invalid unless served on or before its expiration date. | | Cathy M. Garrett – Wayne County Clerk |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action  ☐ remains   ☐ is no longer   pending.
I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____   Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

| STATE OF MICHIGAN THIRD CIRCUIT COURT  | SUMMONS AND RETURN OF SERVICE | CASE NO. 09-009811-CK |
|---|---|---|

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: Jeanne Stempien     Bar Number: 31381

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| Dedivonai, Michael | VS | Corinthian Colleges Inc |

PLAINTIFF'S ATTORNEY

Cojocar, Jeffery A.
(P-54758)
8113 Wilson St
Shelby Township, MI 48316-2629
(586) 816-0022

| CASE FILING FEE | JURY FEE |
|---|---|
| Paid | Paid |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 04/27/2009 | 07/27/2009 | Ericka Chenault |

*This summons is invalid unless served on or before its expiration date.     Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____     Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

JURY FEE PAID
THIS DATE:
BY: APR 2 7 2009

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL DEDIVONAI,
    Plaintiff,

vs.                              Case No. 09-            -CK

CORINTHIAN COLLEGES, INC. a
foreign corporation, RHODES COLLEGES,
INC. a foreign corporation, and CORINTHIAN
SCHOOLS, INC., a foreign corporation,
    Defendants,
_____/

Law Offices of Jeffery A. Cojocar, P.C.
By: Jeffery A. Cojocar (P54758)
Attorney for Plaintiff
8113 Wilson Street
Shelby Township, MI 48316
(586) 816-0022
_____/

                                    THERE IS NO OTHER PENDING OR RESOLVED CIVIL
                                    ACTION ARISING OUT OF THE SAME TRANSACTION
                                    OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.

                                    Jeffery A. Cojocar (P54758)
                                    Attorney for Plaintiff

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Michael Dedivonai, by and through his attorney, Law Offices of Jeffery A. Cojocar, P.C., and for his Complaint against the Defendants, states as follows:

    1.    The Plaintiff, Michael Dedivonai (hereinafter sometimes referred to as "Dedivonai"), is an individual who presently resides in the Township of Bloomfield, County of Oakland, State of Michigan.

    2.    The Defendant, Corinthian Colleges, Inc. (hereinafter sometimes referred to as "CCI") is a Delaware foreign corporation registered to conduct business within the State of

1

Michigan, with its principal offices located in Santa Ana, California, and which conducts business throughout the State of Michigan, including Wayne, County.

3. The Defendant, Rhodes Colleges, Inc. (hereinafter sometimes referred to as "RCI") is a foreign corporation with its principal offices located in Aurora, Colorado, and which conducts business throughout the State of Michigan, including Wayne, County.

4. The Defendant, Corinthian Schools, Inc. (hereinafter sometimes referred to as "CSI") is a Delaware foreign corporation registered to conduct business within the State of Michigan, with its principal offices located in Santa Ana, California, and which conducts business throughout the State of Michigan, including Wayne, County.

5. At all relevant times, RCI and/or CSI, were both subsidiaries and/or otherwise organizationally and/or legally related to CCI, and otherwise served (collectively or individually) as the employer for the Plaintiff.

6. The situs of the transactions formulating the basis for the instant Complaint are within City of Detroit, County of Wayne, and State of Michigan.

7. The amount in controversy, exclusive of interest, costs and attorney fees, is greater than $25,000.00.

8. Jurisdiction and venue are otherwise proper with this Honorable Court.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendants owned, managed, and/or operated a facility and campus located in the City of Detroit, County of Wayne, State of Michigan, more specifically the National Institute of Technology, now known as the Everest Institute.

10. On or about September of 2005, Dedivonai applied for employment at the Everest Institute through the Defendants, eventually receiving said employment which commenced on or about September 2, 2005.

2

11. As part of Dedivonai's compensation package with Defendants, not only did he receive salary and wages, but he also received the benefit of health insurance, sick pay, leave opportunities, short term and/or long term disability benefits, and other benefits of his employment.

12. Many years prior to Dedivonai's employment with the Defendants, he suffered two seizure attacks related to his diagnosis of Multiple Sclerosis. Thereafter, while employed with the Defendants, Dedivonai sustained a seizure attack on May 1, 2006, thereafter being placed on disability leave.

13. Immediately after beginning his employment with Defendants and prior to this disability leave, Dedivonai was approached by an authorized representative of the Defendants as well as his supervisor about an additional employment benefit and/or supplemental insurance that he could pursue that would potentially address future health maladies and/or disability leaves that he might sustain. More specifically, he was offered the opportunity to take a higher deduction from his paycheck in order to provide 100% coverage of his current existing wages if he were to be placed on a long-term disability or extended leave resulting in an involuntarily removal from the workforce, significantly higher than Defendants' standard 70% coverage under existing long-term disability or related policies, which was described to him as a supplemental employment and/or supplemental insurance to the Defendants' existing plans.

14. After contemplating this suggestion and offer from the Defendants and/or their authorized representative, Dedivonai decided to accept this additional benefit provided to him, and immediately began having an additional sum deducted from his pay to ensure the fact that he received this 100% coverage rather than the lesser long-term disability benefits he would potentially receive should an additional seizure or related episode take place in the future.

15. Under Defendants' existing policy, long-term disability benefits were payable to its employees (subject to certain exceptions and/or contingencies) up to the age of 65.

16. As referenced above, in the spring of 2006 Dedivonai suffered his third Multiple Sclerosis attack due to severe job stress he endured, which was aggravated by the illegal activities of the Defendants' Director of Admissions.

17. Immediately after enduring this significant seizure attack, Dedivonai was going to be placed on long-term disability and/or extended leave, as necessitated by his then-existing medical condition.

18. After this attack when Dedivonai returned to his workplace for purposes of handling certain business and/or personal affairs, all of his prior paystubs, employment benefit documentation, and related personal and/or business materials were cleared out and taken from his office space and work desk.

19. Thereafter, Defendants did not allow Dedivonai to return to his previous employment capacity, and he presumed that he was going to be receiving 100% of his previous compensation, pursuant to the employment benefit that he previously discussed with his employer, and was for which he was eligible given the deductions being taken out of his bi-weekly pay.

20. However, since this time period, Dedivonai has not received the 100% coverage and reimbursement for his wages for which he signed up and paid, and which he took advantage of and contractually agreed to with the Defendants prior to his third attack, via the deductions being taken from his pay, as well as the signed contract he entered into with them.

21. As a result of these actions and/or inactions of the Defendants, Dedivonai is entitled to all employment and/or salary benefits for which he is eligible, including the long-term

disability benefits under the Defendants' plan, as well as the supplemental salary coverage provided to him at 100% of its previous level based upon the deductions taken from his pay.

22. At all relevant times, Dedivonai was an employee of the Defendants, entitled to the employment and/or salary benefits which were part of his position with the Defendants and/or for which he voluntarily paid or became eligible.

23. At all relevant times, Defendants were the employers of Dedivonai, owing him numerous obligations as enunciated above and others not particularly addressed at this point in time.

## COUNT I – BREACH OF CONTRACT

24. Dedivonai incorporates and realleges paragraphs 1 through 23 as though fully restated herein.

25. As discussed above, Defendants and Dedivonai entered into a contractual relationship wherein Dedivonai would be an employee and provide related services to the Defendants in exchange for salary compensation, employment benefits, disability benefits, and other aspects of his employment.

26. As part of this contractual relationship, Dedivonai agreed to have additional monies deducted from his bi-weekly pay in exchange for Defendants being contractually obligated and agreeing to reimburse Dedivonai 100% of his wages should he be placed on extended leave and/or long-term disability, through the age of 65 under Mr. Dedivonai's circumstances.

27. At all relevant times, Dedivonai has indeed complied with all employment and/or contractual obligations and responsibilities which he owed to Defendants.

28. In not compensating Dedivonai under its long-term disability plan, as well as not providing 100% coverage of this salary pursuant to the additional deductions taken from

Dedivonai's pay as offered by the Defendants and suggested to the Plaintiff, the Defendants have substantially and materially breached the employment agreement and/or contractual responsibilities it owed to Dedivonai.

29.  As a direct and proximate result of the Defendants' breaches, Dedivonai has sustained significant damages including not being paid for the disability pay and/or salary reimbursement he is entitled to based upon Defendants' own policies and/or additional benefits which Dedivonai participated in, significant legal expenses and costs in being forced to prosecute the instant action, tremendous stress and aggravation of his pre-existing medical conditions, and numerous other damages as will become known throughout the course of discovery in this matter.

WHEREFORE, Plaintiff respectfully requests that this Honorable enter a Judgment against the Defendants in whatever amount in excess of $25,000.00 to which he found to be entitled, together with reimbursement for all court costs, attorney fees, statutory interest, and/or litigation expenses he has incurred in being forced to prosecute this action, together with any other relief deemed agreeable to equity and good conscience.

## COUNT II – BREACH OF THE MICHIGAN CONSUMER PROTECTION ACT

30.  Dedivonai incorporates and realleges paragraphs 1 through 29 as though fully restated herein.

31.  The Defendants are engaged in trade or commerce as contemplated under the Michigan Consumer Protection Act, as found at MCL 445.901 *et seq.*

32.  Plaintiff is a "person who suffers loss" as contemplated and found within the Michigan Consumer Protection Act.

33.    Defendants have engaged in conduct that is indeed contrary to the explicit terms and provisions of the Michigan Consumer Protection Act, including, but necessarily limited to, the following respects:

(a) Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

(b) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

(c) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented.

(d) Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

(e) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

(f) Representing or implying that the subject of a consumer transaction will be provided promptly, or at a specified time, or within a reasonable time, if the merchant knows or has reason to know it will not be so provided.

(g) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

(h) Representing that a consumer will receive a rebate, discount, or other benefit as an inducement for entering into a transaction, if the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

(i) Taking advantage of the consumer's inability reasonably to protect his or her interests by reason of disability, illiteracy, or inability to understand the language of an agreement presented by the other party to the transaction who knows or reasonably should know of the consumer's inability.

(j) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

(k) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

(l) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

(m) Other such violations of MCL 445.903 as will become known throughout the course of discovery in this matter.

34. Plaintiff has sustained significant damages as a result of the Defendants' violations of the Michigan Consumer Protection Act, as more thoroughly enunciated elsewhere throughout this Complaint.

35. Furthermore, Plaintiff is entitled to a mandatory award of his reasonable attorney fees in pursuing this action, pursuant to MCL 445.911(2).

WHEREFORE, Plaintiff respectfully requests that this Honorable enter a Judgment against the Defendants in whatever amount in excess of $25,000.00 to which he is found to be entitled, together with reimbursement for all court costs, statutory interest, and/or litigation expenses he has incurred in being forced to prosecute this action, reasonable attorney fees as specifically provided for pursuant to the Michigan Consumer Protection Act, together with any other relief deemed agreeable to equity and good conscience.

## COUNT III – FALSE/FRAUDULENT MISREPRESENTATION

36. Dedivonai incorporates and realleges paragraphs 1 through 35 as though fully restated herein.

37. Defendants made various representations of material fact to the Plaintiff related to the additional benefit and/or compensation package he would receive, should he agree to have an additional sum deducted from his standard pay check.

38. At the time Defendants made these representations of material fact to the Plaintiff, they were false when made.

39. Defendants knew that these representations were false when they made them to the Plaintiff, or alternatively made them recklessly without knowledge of their truth and/or falsity therein, making these in a positive assertion to Mr. Dedivonai.

40. Defendants made these representations with the intention of inducing Plaintiff Dedivonai to rely upon them, and otherwise agreed to have an additional sum deducted from his weekly pay through the course of his employment.

41. In response to these material representations, Plaintiff did indeed act in reliance upon them in agreeing to enroll in the salary deduction program that would provide him additional benefits should he sustain any type of debilitating injury and/or other impediment.

42. As a direct and proximate result of these fraudulent misrepresentations of the Defendants, Plaintiff has been damaged in a substantial and material respect.

WHEREFORE, Plaintiff respectfully requests that this Honorable enter a Judgment against the Defendants in whatever amount in excess of $25,000.00 to which he is found to be entitled, together with reimbursement for all court costs, statutory interest, and/or litigation expenses he has incurred in being forced to prosecute this action, exemplary damages pursuant to Michigan case law, together with any other relief deemed agreeable to equity and good conscience.

## COUNT IV – INNOCENT MISREPRESENTATION

43. Dedivonai incorporates and realleges paragraphs 1 through 42 as though fully restated herein.

44. Defendants made various representations of material fact to the Plaintiff related to the additional benefit and/or compensation package he would receive, should he agree to have an additional sum deducted from his standard pay check.

45. At the time Defendants made these representations of material fact to the Plaintiff, they were false when made.

46. In response to these material representations, Plaintiff did indeed act in reliance upon them in agreeing to enroll in the salary deduction program that would provide him additional benefits should he sustain any type of debilitating injury and/or other impediment.

47. As a direct and proximate result of these misrepresentations of the Defendants, Plaintiff has been damage in a substantial and material respect.

48. The injury and/or damages suffered by Plaintiff Dedivonai as a result of these misrepresentations of the Defendants inured to the benefit of the Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable enter a Judgment against the Defendants in whatever amount in excess of $25,000.00 to which he is found to be entitled, together with reimbursement for all court costs, attorney fees, statutory interest, and/or litigation expenses he has incurred in being forced to prosecute this action, together with any other relief deemed agreeable to equity and good conscience.

## COUNT V – CONVERSION

49. Dedivonai incorporates and realleges paragraphs 1 through 48 as though fully restated herein.

50. Based upon the agreement and/or discussions between these parties, Plaintiff Dedivonai is entitled to and/or maintains a right to immediate possession of the monies that are properly owed to him under either the Defendants' long-term disability benefit package, or alternatively, the additional benefit which he enrolled in through the Defendants, via the additional deduction from his pay.

51. Contrary to its previous representations to the Plaintiff, and contrary to Michigan law, Defendants have exerted a distinct act of dominion wrongfully exerted over Plaintiff's personal property, including monies properly owed to him, in one or more of the following ways:

- Intentionally dispossessing Plaintiff of monies properly owed to him;

10

- Receiving monies from Dedivonai's employment compensation, without providing the related benefits that were triggered upon his third seizure attack;
- Dispossessing Dedivonai of monies properly owed to him;
- Refusing to surrender and/or compensate Dedivonai for monies properly owed to him; and,
- Other such ways as will become known throughout the course of discovery in this matter.

52. Based upon the Defendants' own actions, Defendants have received, possessed, concealed, and/or aided in the concealment of stolen, embezzled or converted property, contrary to explicit, Michigan statute.

53. As a result of these actions and/or inactions of the Defendants, they have committed a common law and/or statutory conversion upon Plaintiff Dedivonai in monies properly owed to him.

54. As referenced above, the value of monies improperly converted from Dedivonai's rightful possession include any monies he would have been entitled to pursuant to the Defendants' long-term disability benefit/program, as well as the difference in pay he should have received based upon the 100% coverage he was to receive in consideration of the additional deductions from his pay.

55. The Plaintiff has demanded said monies from the Defendants on numerous occasions in the past, all of which have fallen on deaf ears and/or otherwise not been responded to or properly acted upon.

56. As a direct and proximate result of the Defendants' actions and/or inactions, Plaintiff Dedivonai has been damaged in a substantial and material respect.

57. Furthermore, these actions do rise to the level of statutory conversion, such that Plaintiff is titled to treble damages, exemplary damages, costs and attorney fees due to the Defendants' illegal actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable enter a Judgment against the Defendants in whatever amount in excess of $25,000.00 to which he is found to be entitled, together with reimbursement for all court costs, statutory interest, and/or litigation expenses he has incurred in being forced to prosecute this action, exemplary damages, treble damages, and attorney fees pursuant to Michigan case law due to the Defendants' illegal actions, together with any other relief deemed agreeable to equity and good conscience.

Respectfully Submitted,

Law Offices of Jeffery A. Cojocar, P.C.
By: Jeffery A. Cojocar (P54758)
Attorney for Plaintiff
8113 Wilson Street
Shelby Township, MI 48316
(586) 816-0022

Date: 4-27-09

## JURY DEMAND

NOW COMES Plaintiff, Michael Dedivonai, by and through his attorney, Law Offices of Jeffery A. Cojocar, P.C., who hereby demand a trial by jury in the instant matter.

Respectfully Submitted,

Law Offices of Jeffery A. Cojocar, P.C.
By: Jeffery A. Cojocar (P54758)
Attorney for Plaintiff
8113 Wilson Street
Shelby Township, MI 48316
(586) 816-0022

Date: 4-27-69